UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARION T LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:12-cv-01833-TWP-TAB |
| ) | |
| FORMALL, INC, ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON PLAINTIFF'S MOTION TO TRANSFER**

Plaintiff Marion T, LLC ("Marion T") has filed a Motion to Transfer this case to the United States District Court for the Northern District of Indiana, Fort Wayne Division (Dkt. 12). Marion T argues that removal to this Court was improper and urges transfer to the proper court. For the reasons articulated below, the Court now **GRANTS** Marion T's motion.

**I. BACKGROUND**

Marion T is an Indiana limited liability company with its principal place of business in North Vernon, Indiana. (Dkt. 1 at 1.) Defendant, Formall, Inc. ("Formall") is a Tennessee corporation with its principal place of business in Clinton, Tennessee. (*Id.*)

On November 13, 2012, Marion T filed a Complaint in Grant County Superior Court, alleging that it owned certain personal property stored at its industrial plant in Marion, Indiana, and that Formall unlawfully took, carried away, and converted this personal property for its own use. (Dkt. 1, Ex. 1 at 3.) Formall filed a Notice of Removal to this Court on December 17, 2012, stating that the "case is properly removed to the Southern District of Indiana, despite the State Court case being in Grant County, Indiana, because the Plaintiff entity is headquartered in the Southern District of Indiana and the case involves personal property which is now located in Tennessee." (Dkt. 1 at 2.) Formall then filed an Answer to the Complaint in this Court on

January 4, 2013 (Dkt. 5).  Marion T failed to timely object to the removal under 28 U.S.C. § 1447(c).

On February 25, 2013, Marion T filed a Motion to Transfer the case to the United States District Court for the Northern District of Indiana, Fort Wayne Division.  (Dkt. 12 at 1.)  In support of its unopposed Motion, Marion T argued that removal to this Court was improper because the state court action was filed in Grant County, so "removal should have been to the [District Court for the] Northern District of Indiana pursuant to 28 U.S.C. § 1441(a)."  (Dkt. 12-1 at 2.)  In addition, Marion T explained that "Formall took possession of certain industrial equipment and accessories pursuant to an agreement to purchase that personal property from Thermoforming Machinery & Equipment, Inc. ("TM&E")," against which Marion T had also filed a lawsuit in Grant Superior Court.  (*Id.* at 1.)  This lawsuit, which pertains to the enforceability of a contract between TM&E and Marion T, was removed by TM&E to the District Court for the Northern District of Indiana.  (*Id.*)  According to Marion T, the "property taken by Formall was among the equipment and accessories involved in the contract" (*id.*); thus, the underlying issue in both lawsuits "is the validity of the contract between Marion T and TM&E."  (*Id.* at 2.)  As a result, Marion T urged this Court to transfer the case to the District Court for the Northern District of Indiana where it may be consolidated with the case against TM&E.  (*Id.* at 4-5.)  No response has been filed to by Defendant.

## II. LEGAL STANDARD

Notably, "[v]enue in an action removed from state court to federal court is governed by the removal statute, 28 U.S.C. § 1441, not by the general venue statute, 28 U.S.C. § 1391." *Allied Van Lines, Inc. v. Aaron Transfer & Storage, Inc.*, 200 F. Supp. 2d 941, 945 (N.D. Ill. 2002) (citing *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953)).  Per the removal

statute, actions may be removed to "the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (2012).

If venue is not proper, any transfer must proceed under 28 U.S.C. § 1406. *Morris v. Mid-Century Ins. Co.*, No. 1:12-CV-00578-SEB-DML, 2012 WL 3683540, at *2 (S.D. Ind. Aug. 24, 2012) (citing *In re LimitNone, LLC,* 551 F.3d 572, 575–76 (7th Cir. 2008)). Section 1406 provides that: "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a) (2012). If venue is proper, § 1406 is not applicable. *Riley v. Union Pac. R.R. Co.*, 177 F.2d 673, 675 (7th Cir. 1949) (noting that "[i]n this state of the record, the action was not brought in . . . the wrong district, hence Sec. 1406(a) was not applicable"); *Travel Supreme, Inc. v. NVER Enters., Inc.*, No. 3:07-CV-194-PPS, 2007 WL 2962641, at *8 (N.D. Ind. Oct. 5, 2007) (finding § 1406(a) inapplicable because venue was not in the "wrong division or district.").

Courts in the Seventh Circuit have not squarely determined the remedy for removal to a court that does not "embrace" the place where the state court action was pending. Courts outside the Seventh Circuit have split on whether improper removal warrants transfer to the proper federal district court or remand to the state court. *See Keeth v. State Farm Fire & Cas. Co.,* No. 10-13219, 2011 WL 479903, at *3 (E.D. Mich. Feb. 7, 2011) (citing cases that have come to both conclusions).

This Court has not directly spoken on the subject of removal to the wrong district, but it has held that a party may invoke § 1406 to correct venue after improper removal. *Tom Raper Homes, Inc. v. Mowery & Youell, Ltd.*, No. 1:06-CV-00394-SEB-JMS, 2007 WL 1035121, at *1 n.2 (S.D. Ind. Feb. 9, 2007) ("Where the defendant removes the case to federal court from state court, pursuant to 28 U.S.C. 1332(a)(1) and 28 U.S.C. 1441(a), the defendant may still invoke 28

3

U.S.C. 1406(a) to correct venue."). Additionally, this Court has noted that "a party may challenge removal as itself improper, or as having been made to the wrong district court if the case was removed to a district court other than that 'embracing' the state court in which the action was brought," but a party may not challenge venue "as of right" in that district court "as if the case had originally been brought there." *Distance Learning Sys. Ind., Inc. v. A & D Nursing Inst., Inc.*, No. 1:04-CV-0159-DFH-WTL, 2005 WL 775928, at *5 (S.D. Ind. Mar. 22, 2005) (quoting *PT United Can Co. Ltd. v. Crown Cork & Seal Co., Inc.,* 138 F.3d 65, 72 (2d Cir. 1998)). Thus, the courts in this district have indirectly approved the post-removal use of § 1406 to correct improper venue.

### III. DISCUSSION

Here, venue is not proper because this Court is not the "district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The original action was filed in Grant County, Indiana (Dkt. 12-1 at 2), located in the geographic area over which the United States District Court for the Northern District of Indiana, Fort Wayne Division, has jurisdiction. *See Divisional Offices: Fort Wayne Division*, U.S. DIST. COURT, N. DIST. OF INDIANA, http://www.innd.uscourts.gov/fortwayne.shtml (last visited April 4, 2013). Pursuant to the removal statute, venue would be proper after removal from Grant County only in the court that "embraces" it; here, that court is the United States District Court for the Northern District of Indiana, Fort Wayne Division.

The simple and proper remedy is to correct venue pursuant to § 1406. A "district court has broad discretion to grant or deny a motion to transfer the case." *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986) (noting that "'the interest of justice' is not a definite standard"). This case should have been initially removed from Grant County state court to the Fort Wayne Division district court, and granting transfer would resolve this error. Further, the resolution of this case

depends on the resolution of the contract issue between Marion T and TM&E. Thus, transfer is in the interest of justice because it saves judicial resources, and a potential consolidation of the two cases in Fort Wayne would avoid duplication of subsequent briefs and proceedings. Lastly and notably, the Motion for Transfer is unopposed.

## IV. <u>CONCLUSION</u>

Because venue is not proper in this court under 28 U.S.C. § 1441(a), the Court **GRANTS** Plaintiff's Motion to Transfer this case under 28 U.S.C. § 1406 (Dkt. 12). Accordingly, the Court **ORDERS TRANSFER** of this case to the United States District Court for the Northern District of Indiana, Fort Wayne Division.

**SO ORDERED.**

Date: 04/24/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Harry Joseph Certain
KILEY, HARKER & CERTAIN
jcertain@khclegal.com

Rebecca L. Loeffler
KILEY, HARKER & CERTAIN
rloeffler@khclegal.com

Mark Shafer O'Hara
HOSTETTER & O'HARA
mark@hostetter-ohara.com